<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DEVINDERPAL SINGH<br><br><br>Petitioner,<br><br><br>v.<br><br><br>WARDEN, *et al.*,<br>*Delaney Hall Detention Facility*<br><br><br>Respondents. | Civil Action No. 26-8342 (GC)<br><br><br><u>**MEMORANDUM & ORDER**</u> |

<u>**CASTNER, District Judge**</u>

Petitioner Devinderpal Singh is proceeding with a counseled petition (Petition) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241").[1] (ECF No. 1.) According to his Petition, Petitioner is being held in immigration detention at the Delaney Hall Detention Facility in Newark, New Jersey. (*Id.* ¶ 1.) Petitioner requests an order enjoining his transfer outside the jurisdiction of this Court in a manner that would interfere with the Court's ability to grant effective habeas relief or adjudicate the legality of Petitioner's continued detention. (*Id.* at 20.)

Chief Judge Renee Marie Bumb has entered a Text Order enjoining Petitioner's transfer from New Jersey pending further Order of the Court. (ECF No. 2.)

---

[1] Petitioner names as Respondents (in their official capacities): the Warden of the Delaney Hall Detention Facility; Randi Borgen, Field Office Director for Enforcement and Removal Operations at the Newark Field Office of U.S. Immigration and Customs Enforcement ("ICE"); David J. Venturella, Deputy Director of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security; and Todd Blanche, Attorney General of the United States. (ECF No. 1 ¶¶ 13-17.)

Under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule"), applicable to § 2241 cases through Habeas Rule 1(b), the Court must promptly examine the Petition to determine whether it should be dismissed on the grounds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Habeas Rule 4.  This Court has screened the Petition for dismissal pursuant to Habeas Rule 4 and has determined that dismissal without an expedited answer and production of the record is not warranted.

Pursuant to the All Writs Act, *see* 28 U.S.C. § 1651(a) (empowering the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"), the Court orders that Petitioner shall not be transferred from the District of New Jersey, or removed from the United States, pending further order of this Court.

**IT IS**, therefore, on this 8th day of July, 2026, **ORDERED** as follows:

**ORDERED** that Respondents **SHALL NOT TRANSFER** Petitioner from the District of New Jersey, and **SHALL NOT REMOVE** Petitioner from the United States, pending further order of this Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attachment to the Petition (ECF No. 1-1), and this Memorandum and Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attachment to the Petition (ECF No. 1-1) and this Memorandum and Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-

2

HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within fourteen (14) days of the date of entry of this Memorandum and Order, Respondents shall electronically file a full and complete answer to the Petition (ECF No. 1), which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within seven (7) days after the answer is filed; and it is further

**ORDERED** that within three (3) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

_____
**GEORGETTE CASTNER**
**United States District Judge**

3